IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Gregory Wayne Keefer, | ) | C/A No.: 1:18-92-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Commissioner of Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Plaintiff's motion for attorney's fees. [ECF No. 26]. The parties consented to the undersigned's disposition of this case [ECF No. 14], and on August 17, 2018, the matter was referred to the undersigned by order of the Honorable Timothy M. Cain [ECF No. 15]. On August 5, 2019, the court reversed the Commissioner's decision denying Plaintiff's claims for Disability Insurance Benefits and remanded the case to the Commissioner for an award of benefits. [ECF No. 21]. On November 14, 2019, the court issued an order granting Plaintiff's motion for fees under the Equal Access to Justice Act ("the EAJA") and directing the Commissioner to pay Plaintiff $2,531.66. [ECF No. 26].

On June 5, 2020, Plaintiff's counsel requested the court authorize a fee in the amount of $54,110.50, which represents 25% of past-due benefits resulting from the claim, as agreed to by Plaintiff in the contingent fee agreement dated September 29, 2011. [ECF Nos. 26, 26-3]. The

Commissioner subsequently filed a response in support of counsel's request for attorney fees. [ECF No. 27]. The court has considered the motion for fees, and for the reasons that follow, the court approves the motion under 42 U.S.C. § 406(b), as set forth herein.

I.     Consideration of Motion for Attorney Fees Under 42 U.S.C. § 406(b)

When a court renders a favorable judgment to a claimant in a claim brought against the Commissioner, the relevant statute allows the court to "determine and allow as part of its judgment a reasonable fee" to the claimant's attorney that is "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reasons of such judgment." 42 U.S.C. § 406(b)(1)(A). The Supreme Court held in *Gisbrecht v. Barnhardt*, 535 U.S. 789 (2002), that 42 U.S.C. § 406(b) instructs courts to review contingent fee agreements for reasonableness where the agreed-upon fee does not exceed the statutory ceiling of 25%. However, the contingent fee may be reduced from the agreed-upon amount "when (1) the fee is out of line 'with the character of the representation and the results . . . achieved,' (2) counsel's delay caused past-due benefits to accumulate 'during the pendency of the case in court,' or (3) past-due benefits 'are large in comparison to the amount of time counsel spent on the case.'" *Mudd v. Barnhardt*, 418 F.3d 424, 427 (4th Cir. 2005) (citing *Gisbrecht* at 808).

2

Counsel filed a copy of the contingent fee agreement, signed by Plaintiff, which provides that if the claim is pursued in federal court "the fee will be twenty-five percent (25%) of all past due benefits awarded in my case, including benefits awarded to my family." *See* ECF No. 26-3. Because the fee agreement is presumptively valid under the Supreme Court's ruling in *Gisbrecht*, the court considers only the reasonableness of the fee.

The court concludes that the fee is not out of line with the character of the representation and the results achieved. Counsel represented the claimant for almost nine years in both administrative and district court proceedings and spent 104 hours representing Plaintiff in four federal appeals. *See* ECF No. 26-1, 26-3. Counsel obtained total past-due benefits on claimant's behalf for the period beginning in February 2010. [ECF No. 27-2]. In consideration of the nature of the representation at both the administrative and district court levels, the period of the representation, and the amount of past-due benefits obtained for Plaintiff, the court concludes that the fee is not out of line with the character of the representation and the results achieved.

The court further determines that counsel did not cause any delays that affected the accumulation of past-due benefits during the pendency of the case in this court.

3

The court finds that the requested fee is not large in comparison to the amount of time counsel spent on the case. The record reflects that counsel represented the claimant for 104 hours at the district court level. *See* ECF Nos. 27-1 at 2–3. Although the calculated hourly rate for time spent in this court seems large, the undersigned may consider as part of the reasonableness determination the work expended by counsel at the agency level. *See Mudd v. Barnhardt*, 418 F.3d 424, 428 (4th Cir. 2005) (while the court may not award attorney's fees based on the attorney's work at the agency level, the court may consider "as one factor in its reasonableness determination, the work performed by counsel on the case when it was pending at the agency level").

The court remanded the case to the agency on four different occasions since 2011 and the undersigned directed an award of benefits in August 2019. [ECF No. 27-1 at 2–3]. Based on the length of the administrative process and result achieved, the undersigned concludes counsel devoted substantial time to the claim at the administrative level. In light of the foregoing, the requested fee is not unreasonably large in comparison to the amount of time counsel spent on the case.

The court finds that the contingent fee agreement complies with 42 U.S.C. § 406(b)(1)(A) in that it is both reasonable and does not exceed the statutory maximum fee. Therefore, the court grants Plaintiff's counsel's

4

motion for fees under 42 U.S.C. § 406(b) and approves a total attorney's fee of $54,110.50.

II.     Refund of EAJA Fees

The *Gisbrecht* Court directed that the attorney should refund the smaller fee to "the claimant" when the attorney obtained fees under both the EAJA and 42 U.S.C. § 406(b). Therefore, the court directs counsel, upon receipt of the total fee approved herein, to refund to Plaintiff the $9,414.78 in EAJA fees paid since Plaintiff's first federal appeal.

IT IS SO ORDERED.

*[Signature: Shiva V. Hodges]*

June 15, 2020                               Shiva V. Hodges
Columbia, South Carolina              United States Magistrate Judge

5